1 **Russell Rope**
2 #1607 POB 1198
3 Sacramento, CA 95812
4 justice@russellrope.com
5 (323) 606-3395
6 *Plaintiff in Pro Per*

LA CV17 04921-SVW-PLAx

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Russell Rope** | Case #: _____ |
| Plaintiff, | Judge: _____ |
| vs. | |
| **Facebook, Inc., Apple, Inc., Alphabet, Inc., Twitter Inc., JPMorgan Chase & Co., & John Does 1 to 10** | **MEMORANDUM of Points & Authorities in Support of EX PARTE APPLICATION** |
| Defendants. | |

### MEMORANDUM

This new case and ex parte application is a mashup of three separate but interconnected and originally incorrectly filed cases versus fraud Internet and technology corporations, criminals trying to defraud Plaintiff of a domain name, business, and freedom, and against fraudulent government actors.

interconnected groups of bad people have been terrorizing and defrauding Plaintiff through repetitive patterns of criminal conduct for at least the past ten years. Major damage rooted in corruption at Facebook and Apple spread to Google/YouTube(Alphabet Inc.), and then to most other social networks and offline life. Plaintiff business, finances, intellectual property, personal relationships, and physical health have all suffered tremendously as a direct result of Defendant violations. Plaintiff is a good man and hard working genius who minds his own innovative business and is completely underserving of this treatment.

Defendants are mostly hiding behind what they perceive to be anonymity of abusing power mostly at but not limited to Internet, technology, and communication corporations. Overall Defendant responsibility is easily established where more information needs to be subpoenaed about multiple John Does. Money, control, and power are obvious motives of Defendants/suspects whose identities and connections are detailed in a background history/testimony lodged under seal. A preponderance of clear and convincing facts and evidence against Defendants, plus the original genius history of Plaintiff prove the statements in the complaint to be accurate.

Plaintiff is being feloniously stalked, harassed, threatened, defamed, defrauded, abused, exploited, and justice is being obstructed mostly on a daily basis, all of which are causing "irreparable harm, immediate danger, [and] other statutory basis for granting relief ex parte" as thoroughly documented in new case filings. The complaint, all statements, clear and convincing evidence, specifically Exhibits "1" to "66" are all attached hereto (entire ex parte application) and by this reference made a part hereof.

1  Plaintiff is requesting an order for investigation and security from Secret Service
2  because justice is being obstructed, directly in communication with the director
3  because they are accountable, and for security/witness protection because it is
4  unfortunately necessary for the safety of the Plaintiff who is being constantly
5  threatened for his life, which the Defendants and suspects have literally being
6  trying to take. 18 USC §§ 3056 & 1030

**JURISDICTION**

This action is brought under the federal Racketeer Influenced and Corrupt Organization ("RICO") statute, 18 USC §§ 1961-1964, et seq., and various other state common law doctrines or statutes. Jurisdiction is vested in the Court by virtue of 28 USC § 1331, also pursuant to 28 USC § 1367 and/or under 28 USC § 1332 within the applicable statutes of limitation, which is 10 years from the date of the most recent ancillary RICO violation under 18 USC §§ 1961(5).

This venue is proper in this District and Division pursuant to 28 USC § 1391(b)(2). A substantial part of the events and omissions giving rise to the claims stated herein occurred in this District and a substantial part of the property that is subject of this action is situated in this District. Defendants and suspects are located multiple states and unknown locations, which fall under jurisdiction of this court. This is in the district where Plaintiff both lives and was located during the violations of Plaintiff's rights. Pursuant to 18 USC § 1965(b), the ends of justice require that the Court exercise personal jurisdiction over Defendants.

**COUNTS & CAUSES of ACTION (Against All Defendants):**
RICO - 18 USC § 1962(c), RICO Conspiracy - 18 USC § 1962(d), Fraud - PEN § 470, Computer Fraud - 18 USC § 1030, Phishing "attempts" per 18 USC § 1030(b), Wire/Intnernet Fraud - 18 USC § 1343, Mail Fraud - 18 U.S.C. § 1341,

1  Criminal Threat - PEN § 422, Obscene, Threatening, & Annoying
2  Communications - PEN § 653m, Stalking - PEN § 649(.9), Assault & Battery -
3  PEN §§ 240 & 242, Espionage - Economic & Personal - 18 USC § 1831, Theft of
4  Trade Secrets - 18 USC § 1832, Obstruction of Justice - 18 USC § 1985, False
5  Imprisonment - 1240-1: PEN §§ 210.5, 236, Perjury - PEN § 118(a), Grand Theft
6  & Robbery - PEN §§ 211 & 487, Theft and Fraud - C.P.C. § 484-502.9, Robbery -
7  PEN. § 211-215, Burglary - PEN § 458-464, Defamation - CIV §§ 44(a)(b);
8  45-46, Unfair Competition - CBPC § 17200-17210, Cybersquatting - ACPA @
9  USC 15 § 1125(d), EEO Violations - 42 USC § 2000e-2(a) (Title VII @ Civil
10 Rights Act of 1964).

**PLAINTIFF EX PARTE (DOE) REQUESTS**

1. Order for domain name transfer of "rise.com" from any party to Plaintiff.
2. Order for investigation support and security from and in direct communication with Secret Service Director Joseph Clancy and Plaintiff. 18 USC §§ 3056 & 1030.
3. Injunctive order preventing Defendants from doing business with or providing service to suspects referenced in Exhibit "52" (exception for known CEOs and founding members of Defendant companies doing regular business within their own Defendant companies, and JPMorgan Chase & Co. can keep bank accounts open). All social media personal, business, and affiliate accounts deemed to be conflict of interest of Plaintiff and by the Plaintiff to be "disabled" pending the outcome of this case. Defendant attorneys act as a liaison between Plaintiff and system administrators. Violation of injunction to result in addition of CEO of Defendant company to Defendant list and for issue of arrest warrant and indictment of CEO.
4. Order for dismissal and termination of case #BA437791, also to expunge record(s).

5. Order for termination of cases #ZM029514 & 5150 case allegedly # ZM025125 (pre name change), restoration of all rights, specifically the right to bare arms and return of (firearm) property by LASD.

6. Order for JPMorgan Chase & Co. to return funds, freeze accounts and remove any negative credit reports; dated back to 5-30-2015 and pending outcome of this case.

7. Order for CalVCB to provide maximum victim compensation for application #A17-6438238 and order or request from judge to attorney general for award and victim compensation. 18 USC §§ 3056 & 1030, GOV § 13952.5, GOV § 13957-8, 42 USC Chapter 112

**CONCLUSION**

Given the honest declarations of extreme ongoing violations of Plaintiff's rights, which are accumulating damages and need to be stopped before they result in fulfilled death threats etc., plus the vast amount of rationally undeniable evidence in support of Plaintiff's claims, while keeping in mind that this application was written in pro per by someone without a law degree and without help because justice is being obstructed, that the honorable judge will exercise the full authority of this court in support of the Plaintiff/victim not limited to the points and auhtorities cited in this application, and that all proposed orders will be granted.

For the reasons above, the court should grant this ex parte application.

Respectfully Submitted,
By: Russell Rope    Signature: _____    Date: 6-7-2017
Plaintiff in Pro Per